IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MOYA,

    Appellant,

v.                                                                CIV 17-0415 RB/KBM

U.S. EAGLE FEDERAL CREDIT UNION and
PHILIP J. MONTOYA, Trustee,

    Appellees.

## **PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

THIS MATTER is before the Court on a bankruptcy appeal by Appellant Cynthia Moya ("Appellant"), pursuant to 28 U.S.C. § 158(a), from a March 23, 2017 Order Dismissing Bankruptcy Case entered by the United States Bankruptcy Court for the District of New Mexico (Record on Appeal "R." 50)[1] in Case 16-13074-j7. On April 11, 2017, this bankruptcy appeal was referred to me by the Honorable Robert C. Brack for a recommended disposition. *Doc. 2*.

Thereafter, Appellant filed various documents with this Court on June 12, 2017. *See Docs. 20, 21, 22, 23, 24, 26*. In an Order entered December 12, 2017, the Court gave notice that it was construing these documents, collectively, as Appellant's brief in support of her bankruptcy appeal. *Doc. 28* at 2. The Court also gave Appellees until January 12, 2018, to file a response brief. *See id*. To date, Appellees have not filed any response, nor have they participated in this appeal in any manner. Having now

---

[1] All "R." citations are to the record on appeal, which has been reproduced in its entirety on the docket at No. CIV 17-0415 RB/KBM, *Docs. 4-17*.

1

considered Appellant's submissions, the record in the case, and the relevant law, the Court recommends that the March 23, 2017 Order Dismissing Bankruptcy Case be affirmed and that Appellant's appeal be dismissed.

**I.      Procedural History**

Appellant filed for Chapter 13 bankruptcy on December 15, 2016. R. 9. Her bankruptcy petition was converted from a Chapter 13 case to Chapter 7 case on January 27, 2017. *See* R. 170-71. Appellee Philip J. Montoya was appointed as Chapter 7 Trustee. *See* R. 171. A meeting of creditors pursuant to 11 U.S.C. § 341 ("§ 341 meeting") was scheduled for February 21, 2017. R. 172. The Notice of Chapter 7 Bankruptcy Case, Official Form 309A, informed Appellant that "Debtors must attend the [§ 341] meeting to be questioned under oath." R. 172.

On February 21, 2017, the Trustee moved to dismiss Appellant's bankruptcy petition on the basis that she had failed to produce proof of identification and/or her social security number, failed to provide tax returns and payment advices, and that she "[r]efus[ed] to be sworn unless all other participants also took oath." R. 209. Although the Motion to Dismiss as well as a Notice of Deadline for Filing Objections was provided to Appellant at her mailing address, she filed no objections. *See* R. 220, 285. In an Amended Motion for Protective Order, the Trustee explained that Appellant appeared at the § 341 meeting on February 21, 2017, but "caused a subpoena to be served on him" and "refused to be examined under oath." R. 240-42. He further noted that Appellant "has filed at least two previous bankruptcy cases, being Nos. 14-12353, and 16-11058, both of which were dismissed, and it appears that the present case is simply an attempt by the debtor to delay her creditors." R. 242.

Noting that Appellant had not filed objections to the Trustee's Motion to Dismiss, Judge Robert Jacobvitz granted the motion on March 23, 2017. R. 285-86.

## II. Standard of Review

Federal district courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy courts pursuant to 28 U.S.C. § 158(a). The district court reviews the bankruptcy court's legal determinations *de novo* and its factual findings for clear error. *In re Hedged-Investments Assocs., Inc.,* 84 F.3d 1267, 1268 (10th Cir. 1996)

When an appellant proceeds *pro se*, the district court generally construes her pleadings liberally, holding them to a less stringent standard than those filed by a party represented by counsel. *See In re Akbari-Shahmirzadi*, No. 14cv0982 JB/WPL, 2015 WL 8329208, at *1 (D.N.M. Nov. 25, 2015). In so doing, the court makes "some allowance for a pro se litigant's 'failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements[.]'" *Id.* The Court will not, however, construct arguments or search the record for the *pro se* party. *Id.*

## III. Analysis

In the documents filed by Appellant, which the Court has construed as her appellate brief, Plaintiff makes a number of arguments that are entirely tangential to her appeal of the March 23, 2017 Order Dismissing Bankruptcy Case. For example, she asserts that she has a right to be heard by an Article III Court, that she has reached the age of majority, that an entity rather than an individual owns the debts at issue in the underlying bankruptcy case, that the bankruptcy court abandoned its sovereign capacity

3

by engaging in commercial business, that payments on the subject debts were tendered, that her mortgage insurance was proof of tender, that the trustee violated her due process rights by suing her, that she has a claim for adverse possession, that the bankruptcy court has violated the Gold Repeal Act of 1933, and that her creditors have not proven that she owes any debt.[2] But the Order Dismissing Bankruptcy Case does not take up any of these arguments. Rather, the bankruptcy court dismissed Appellant's case because she did not counter the Trustee's Motion to Dismiss, which asserted that she had failed to produce proof of identification and/or her social security number, failed to provide tax returns and payment advices, and that she "[r]efus[ed] to be sworn unless all other participants also took an oath." R. 209.

The only comprehensible argument advanced by Appellant in which the Court can discern a relationship to the Order Dismissing Bankruptcy Case is her contention that the Trustee unconstitutionally required her to "swear under oath" at the § 341 meeting. *See, e.g., Doc. 20* at 2. More specifically, Appellant argues as follows:

> the trustee made it quite clear that I could not affirm under oath but I had to swear under oath. My personal as well as religious belief prohibit me from swearing, the Supreme Court has recognized this prohibition, and yet the trustee and the bankruptcy court chose to violate my religious rights, my personal rights and my due process rights without due process of law, and I object.

---

[2] Additionally, Appellant includes many incomprehensible, nonsensical statements bearing no discernable relationship to the issues in this case. By way of example, she states that "although she ha[s] knowledge of the Genie of Fire, The Ancestry of the Legend, the So-Called Two Elohim, Tubalcain Cipher, the Race of Cain, the Hosts of Mars, the Resecration-Creation Story, the Lion's Pillars of Knowledge, the Seven Sciences, Amaru-Land of the Plumed Serpent, the Temple Legend, Hiram Abiv [Abiff]," she does not "profess to propagate such non-Gnostic, highly improbable, fictional storytelling." *Doc. 26* at 1-2. The Court will not endeavor to recount each of Appellant's frivolous arguments.

*Doc. 20* at 2-3. In essence, Appellant attacks the dismissal of her bankruptcy case by asserting that the Trustee required her to swear, rather than affirm, under oath at the § 341 meeting. But, in the end, this argument also fails.

First, Appellant has failed to comply with Federal Rule of Bankruptcy Procedure 8014(a)(8), which requires that her brief "contain [her] contentions and the reasons for them with citations to the authorities and parts of the record on which the appellant relies." *Id.* Appellant has not, for instance, offered any citations to parts of the record that would demonstrate that she was in fact required to swear, rather than affirm, under oath at the § 341 meeting. Instead, she merely relies upon her own conclusory statements. "Arguments that fail to comply with [Federal Rule of Bankruptcy Procedure 8014(a)(8)] are inadequately briefed and deemed waived." *In re Duwaik*, No. 17cv0142 MSK, 2017 WL 4772819, at *3 (D. Colo. Oct. 20, 2017) (citing *In re Taylor*, 737 F.3d 670, 682 n.9 (10th Cir. 2013)). Even taking into account Appellant's *pro se* status, she has not met her burden on appeal.

Moreover, based upon the Court's own research, the dismissal of a bankruptcy case for a debtor's failure to provide testimony and other required information at a § 341 meeting is supported by law. Indeed, a debtor in bankruptcy has certain obligations enumerated by statute and in associated procedural rules. These duties include appearing at and submitting to examination under oath at the § 341 meeting of creditors. *See* 11 U.S.C. § 343 ("The debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a)); 11 U.S.C. § 341(d) ("Prior to the conclusion of the meeting of creditors . . . , the trustee shall orally examine the debtor); Fed. R. Bankr. P. 2003(b)(1) ("The business of the meeting shall include the

examination of the debtor under oath . . . ."). Again, the Notice of Chapter 7 Bankruptcy Case clearly advised Appellant of her duty to submit to examination under oath, providing that "[d]ebtors must attend the [§ 341] meeting to be questioned under oath." R. 172.

In addition, a debtor is also required to provide certain documentation at or before the § 341 meeting, including evidence of their Social Security Number and their most recent tax return. *See* Fed. R. Bankr. P. 4002(b)(1)(B) ("Every individual debtor shall bring to the meeting of creditors under § 341: . . . evidence of social security number(s), or a written statement that such documentation does not exist."); 11 U.S.C. § 521(e)(2)(A) ("The debtor shall provide . . . not later than 7 days before the date first set for the first meeting of creditors, to the trustee a copy of the Federal income tax return.").

Appellant does not dispute that she neither submitted to an examination under oath at the § 341 meeting on February 21, 2017, nor provided to the Trustee evidence of her Social Security Number or her tax return. Nor did Appellant object when the Trustee moved for dismissal of her bankruptcy case based upon her failure to fulfill these obligations. As such, the bankruptcy court properly dismissed Appellant's bankruptcy case. *See In re Maali*, 452 B.R. 325, 328 (D. Mass. 2010) (affirming bankruptcy court's dismissal of bankruptcy case and reasoning that only in "the most extenuating of circumstances" will a debtor's failure to submit to an examination under oath at the § 341 meeting not justify dismissal); *In re Cameron*, No. 13-10115 FJB, 2013 WL 1686300, at *5 (Bankr. D. Mass. Apr. 18, 2013) (dismissing bankruptcy case, where that the debtor failed to meet her obligations by, among other things, failing to appear

6

and submit to an examination under oath at the § 341 meeting); *In re Lobera*, 454 B.R. 824, 845 (Bankr. D.N.M. 2011) (reasoning that a debtor's failure to perform statutory duties is grounds for dismissal of a Chapter 7 bankruptcy); *see also* 11 U.S.C. § 521(e)(2)(B) (providing that if a debtor fails to provide their most recent tax return, "the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor"); 11 U.S.C. § 707(a) (authorizing dismissal of a bankruptcy case for cause, including when the debtor fails to comply with her duties under 11 U.S.C. § 521 and when she causes unreasonable delay that is prejudicial to creditors).

Wherefore,

**IT IS HEREBY RECOMMENDED** that the dismissal by the bankruptcy court be affirmed and this appeal dismissed.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
UNITED STATES MAGISTRATE JUDGE