IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MOYA,

    Appellant,

v.                                                  CIV 17-0415 RB/KBM

U.S. EAGLE FEDERAL CREDIT UNION and
PHILIP J. MONTOYA, Trustee,

    Appellees.

## **ORDER ADOPTING MAGISTRATE JUDGE'S
PROPOSED FINDINGS AND RECOMMENDED DISPOSITION**

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition ("PF&RD") (Doc. 29), filed March 9, 2018, and on Petitioner's Notice of Failure Process, Response and Objections ("Objections") to that PF&RD (Doc. 30), filed March 19, 2018. Because they lack merit, the Court will overrule the objections and adopt the PF&RD.

**I.    Procedural History**

Appellant filed for Chapter 13 bankruptcy on December 15, 2016. (Record on Appeal "R." at 9.[1]) Her bankruptcy petition was converted from a Chapter 13 case to Chapter 7 case on January 27, 2017. (*See* R. at 170–71.) A meeting of creditors pursuant to 11 U.S.C. § 341 ("§ 341 meeting") was scheduled for February 21, 2017. (R. at 172.) The Trustee explained that Appellant appeared at the § 341 meeting on February 21, 2017, but "refused to be examined under oath." (R. at 240–42.) On February 21, 2017, the Trustee moved to dismiss Appellant's

---

[1] All "R." citations are to the Record on Appeal, which has been reproduced in its entirety on the Docket at No. CIV 17-0415 RB/KBM, Docs. 4-17.

bankruptcy petition on the basis that she had failed to produce proof of identification and/or her social security number, failed to provide tax returns and payment advices, and "[r]efus[ed] to be sworn unless all other participants also took an oath." (R. at 209.) Although both the Motion to Dismiss and a Notice of Deadline for Filing Objections were provided to Appellant at her mailing address, she filed no objections. (*See* R. at 220–25, 285.) Noting that Appellant had not filed objections to the Trustee's Motion to Dismiss, Judge Robert Jacobvitz granted the motion on March 23, 2017. (R. at 285–86.) Appellant then filed this appeal. (R. at 50.) Magistrate Judge Karen B. Molzen filed her PF&RD on March 9, 2018, in which she recommended that the Order Dismissing Bankruptcy Case be affirmed and this bankruptcy appeal dismissed. (Doc. 29.)

**II.    Legal Standard**

When a party files timely-written objections to a magistrate judge's recommendation, the district court will conduct a *de novo* review of the portion objected to and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). *De novo* review requires the district judge to consider relevant evidence of record and not merely to review the magistrate judge's recommendations. *In re Griego*, 64 F.3d 580, 583–84 (10th Cir. 1995). "[A] party's objections to the magistrate judge's [PF&RD] must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review." *United States v. One Parcel of Real Prop., with Buildings, Appurtenances, Improvements, & Contents*, 73 F.3d 1057, 1060 (10th Cir. 1996).

**III.    Discussion**

In the same fashion as the documents construed as her appeal brief (*see* Docs. 20, 21, 22, 23, 24, 26), Appellant makes a number of arguments in her Objections that are entirely tangential

to her appeal of the March 23, 2017 Order Dismissing Bankruptcy Case. (*See* Doc. 30.) For example, she asserts that the bankruptcy court abandoned its sovereign capacity by engaging in commercial business, that she has a right to be heard by an Article III Court, that the Emergency Banking Relief Act of 1933 is unconstitutional, and that the Bankruptcy Court is not part of the judicial branch. The Order Dismissing Bankruptcy Case, however, does not take up any of these arguments. (*See* R. at 209, 285.)

The only comprehensible argument advanced by Appellant's Objections in which the Court can discern a relationship to the Order Dismissing Bankruptcy Case is her contention that she did not receive the Trustee's Motion to Dismiss (Doc. 30 at 1, 6), contrary to the Certificate of Notice, listing Appellant as a party who received notice of the motion by first class mail. (R. at 220–23.) However, Appellant presents this argument for the first time in her Objections to the PF&RD, and "issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." *Marshall v. Chater*, 75 F.3d 1421, 1426–27 (10th Cir. 1996).

Further, Appellant had the opportunity to address the Motion to Dismiss, as granted by the Order of Dismissal, in this appeal. But the only argument she advanced that related to the Motion to Dismiss was her contention that the Trustee unconstitutionally required her to "swear under oath" at the § 341 meeting. (*See, e.g.*, Doc. 20 at 2.) The Magistrate Judge addressed this argument in the PF&RD, correctly finding that the dismissal of a bankruptcy case for a debtor's failure to provide testimony and other required information at a § 341 meeting is supported by law. (*See* Doc. 29 at 5–7.) In her Objections, Appellant did not challenge this conclusion. As such, the Court will adopt the Magistrate Judge's recommendations. *See* 28 U.S.C. § 636(b)(1)

("A judge of the court shall make a de novo determination of *those portions* of the report or *specified proposed findings or recommendations* to which objection is made." (emphasis added)).

Finally, Appellant argues that the Court is penalizing her for the syntax, grammar, and structure of her documents. As the Magistrate Judge noted in her PF&RD, when an appellant proceeds *pro se*, the district court construes her pleadings liberally, holding them to a less stringent standard than those filed by a party represented by counsel. *See In re Akbari-Shahmirzadi*, No. 14cv0982 JB/WPL, 2015 WL 8329208, at *1 (D.N.M. Nov. 25, 2015). In so doing, the court makes "some allowance for a pro se litigant's 'failure to cite proper legal authority, [her] confusion of various legal theories, [her] poor syntax and sentence construction, or [her] unfamiliarity with pleading requirements[.]'" *Id*. The Magistrate Judge did just this, but properly declined to construct arguments or search the record for the *pro se* party. *See id*.

Wherefore,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Magistrate Judge's Proposed Findings and Recommended Disposition (Doc. 29) are **ADOPTED**;

2. The March 23, 2017 Order Dismissing Bankruptcy Case entered by the United States Bankruptcy Court for the District of New Mexico in Case 16-13074-j7 is **AFFIRMED**;

3. This bankruptcy appeal is **DISMISSED** with prejudice; and

4. A Final Order pursuant to Rule 58 of the Federal Rules of Civil Procedure will be entered dismissing this action with prejudice.

_____
ROBERT C. BRACK
UNITED STATES DISTRICT JUDGE